UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESTINY BESS,**

       Plaintiff,                  Case No.

**v.**

                                           Hon.

**HEIDINGER INVESTMENTS, LLC d/b/a
THE STATION 100,
BARBARA HEIDINGER a/k/a BARBARA ROMER,**
and **ELIA BRUNNER**

       Defendants.

---

**GOLD STAR LAW, P.C.**
**Maia J. Braun (P40533)**
Attorneys for Plaintiffs
2844 Livernois Rd, #99009
Troy, MI 48099
(248) 275-5200
*mjohnson@goldstarlaw.com*

---

# COMPLAINT

Plaintiff, Destiny Bess, through her attorneys, Gold Star Law, P.C., for her Complaint states:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Destiny Bess ("Bess"), is an individual who resides in Mt. Morris, Genesee County, Michigan.

2. Defendant, Heidinger Investments, LLC d/b/a The Station 100 ("Heidinger Investments"), is a domestic limited liability company located in Frankenmuth, Saginaw County, Michigan.

3. Defendant, Barbara Heidinger a/k/a Barbara Romer ("Barbara") is the resident agent, co-owner, member, manager, organizer, and culinary creator of Heidinger Investments and is an individual regularly conducting business in Frankenmuth, Saginaw County, Michigan.

4. Defendant, Elia Brunner ("Brunner"), is a member, co-owner, restaurant coordinator, and Sommelier of Heidinger Investments and is an individual regularly conducting business in Frankenmuth, Saginaw County, Michigan.

5. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and under the Michigan Improved Workforce Opportunity Wage Act of 2018, ("IWOWA"), and jurisdiction of this Court in invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

6. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

7. Heidinger Investments owns and operates the restaurant Station 100, which is located in Frankenmuth, Michigan.

8. Barbara is the resident agent, co-owner, member, manager, and organizer of Heidinger Investments.

9. Upon information and belief, Barbara is responsible, in whole or in part, for determining Heidinger Investments' pay practices.

10. Brunner is a member, co-owner, and restaurant coordinator of Heidinger Investments.

11. Upon information and belief, Brunner is responsible, in whole or in part, for determining Heidinger Investments' pay practices.

12. Bess was employed by Defendants as a server from on or about June 11, 2020 until on or about February 18, 2022.

13. Bess regularly worked approximately 36 hours per week.

14. Bess was paid at a rate of $4.00 per hour plus tips.

15. Starting in approximately September 2020, Defendants utilized a mandatory tip-pooling arrangement, requiring Bess to pay 30% of her tips to Defendants at the end of Bess' shift.

16. Defendants provided Bess with pay stubs and W2 forms upon which all tips earned by Bess, including the 30% of tips which was improperly withheld

from Bess, were reported as tips on Bess' paystubs and W2 forms for social security and medicare withholding and taxation purposes.

17. Bess was required to pay taxes and social security and medicare withholdings on all tips, including the 30% of tips which Bess did not receive and which were withheld by Defendants.

18. Defendants' tip-pooling arrangement was invalid because Defendants distributed the funds from the tip pool to employees that do not customarily and regularly receive tips.

19. Defendants tip-pooling arrangement was invalid because the funds from the tip-pool went to Defendant Barbara, an owner of Heidinger Investments and an employer under the applicable laws.

20. Defendants' conduct violates the FLSA and IWOWA because Defendants could not properly take a tip credit towards Plaintiff's wages under the FLSA or IWOWA due to Defendants' invalid tip-pooling arrangement, and Defendants were therefore required to compensate Plaintiff at minimum wage for all hours worked up to 40 hours per week.

21. Bess was not, at any time during her employment, exempt from the overtime pay requirements of the FLSA or IWOWA.

22. All hours worked by Bess were worked at the direction and with the sufferance of Defendants.

23. Defendants' failure to pay minimum wage in violation of the FLSA and IWOWA was willful, with knowledge, or with reckless disregard of the statutory requirements.

## COUNT I -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

24. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

25. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

26. Plaintiff is an "employee" within the coverage of the FLSA. 29 U.S.C. 203(e).

27. Plaintiff is an "employee" engaged in "commerce" as defined by the FSLA. 29 U.S.C. 203 (d).

28. Defendants are an "enterprise engaged in commerce": as defined by the FLSA. 29 U.S.C. 203 (s).

29. Defendants had revenues in excess of $500,000.00 per year during the time of Plaintiff's employment with Defendants. 29 U.S.C. 203(s).

30. Defendants violated the FLSA by utilizing an improper tip-pooling arrangement and by failing to pay Bess minimum wage for all hours worked. .29 U.S.C. 203(m).

31. Pursuant to the FLSA, an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. 203(m)(2)(B).

32. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. 216(b).

33. An employer who violates section 203(m)(2)(B) of the FLSA is liable to the employee in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages. 29 U.S.C. 216(b).

34. As a direct and proximate cause of Defendants' violation of the FLSA, Plaintiff has sustained damages in the form of unpaid wages and tips unlawfully kept by the Defendant employers in an amount of at least $35,000.00.

35. Bess is also entitled to an equal amount to the unpaid wages and unlawfully withheld tips in liquidated damages and to attorney fees and costs.

## COUNT II -
## VIOLATION OF THE IMPROVED WORKFORCE OPPORTUNITY WAGE ACT

36. Plaintiff incorporates the allegations in the foregoing paragraphs of

6

this Complaint as if fully stated herein.

37. Plaintiff is an "employee" within the coverage of the IWOWA.

38. Defendants are "employers" within the coverage of IWOWA.

39. Defendants violated the IWOWA by utilizing an improper tip-pooling arrangement and by failing to pay minimum wage for hours worked up to 40 per week

40. Pursuant to Section 9 of the IWOWA, an employer who violates the IWOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Destiny Bess, requests that the Court grant judgment in Plaintiff's favor and against Defendants, jointly and severally, in an amount of at least $70,000.00, together with Plaintiff's costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

                        Respectfully submitted,

                        **GOLD STAR LAW, P.C.**

                        /s/ *Maia J. Braun*
                        **GOLD STAR LAW, P.C.**
                        **Maia J. Braun (P40533)**
                        Attorneys for Plaintiffs
                        2844 Livernois Rd, #99009
                        Troy, MI 48099
                        (248) 275-5200
                        *mjohnson@goldstarlaw.com*

Dated: July 28, 2022